UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN NAYLOR, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
|     vs. | )    No. 1:17-cv-02379-WTL-DML |
| | ) |
| DONALD WILLIAMS Lt., | ) |
| PAUL TALBOT Dr., | ) |
| | ) |
|       Defendants. | ) |

**Entry Screening Complaint and Directing Further Proceedings**

**I.**

The plaintiff is a prisoner currently incarcerated at Pendleton Correctional Facility ("Pendleton"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The plaintiff's Complaint contains claims against defendants Lt. Donald Williams and Dr. Paul Talbot. He alleges that Lt. Williams harassed him and encouraged others to harass him, which ultimately resulted in the plaintiff being attacked by another inmate. As to Dr. Talbot, the plaintiff alleges he failed to properly treat his injuries, including a several week delay in necessary treatment. He also alleges that Dr. Talbot would not place him in the infirmary, which led him to be housed in a normal cell block where he sustained further injuries, including due to repeatedly falling down the stairs.

The claims against Dr. Talbot are misjoined, so the Court will discuss these claims before turning to the claims against Lt. Williams.

    **A.    Misjoined Claims**

In *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), the Seventh Circuit explained that "[u]nrelated claims against different defendants belong in different suits." When unrelated claims are brought in the same suit, "[t]he court may . . . sever any claim against a party." Fed. R. Civ. P. 21. The purpose of this rule is "not only 'to prevent the sort of morass' produced by multi-claim, multi-defendants suits like this one, but also to ensure that prisoners pay all fees required under the Prison Litigation Reform Act." *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (quoting *George*, 507 F.3d at 952).

The Eighth Amendment medical claims against Dr. Talbot are unrelated to the Eighth Amendment claims against Lt. Williams stemming from his harassment and encouragement of the same. The claims against Dr. Talbot are therefore misjoined and cannot proceed in this action.

The Court notes, however, that on the same date the plaintiff filed this action, he filed another action in this Court against Dr. Talbot. *See* Case No. 1:17-cv-2380-TWP-TAB. Thus rather than opening a new action against Dr. Talbot, if the plaintiff's claims against Dr. Talbot are to proceed at all, he may present them in Case No. 1:17-cv-2380-TWP-TAB. Those claims are **dismissed without prejudice** from this action.

### B. Properly Joined Claims

The plaintiff's allegations against Lt. Williams are sufficient state an Eighth Amendment claim. Therefore, this action **shall proceed** against Lt. Williams.

## II.

Given the foregoing, the following claims **shall proceed**:

- An Eighth Amendment claim against Lt. Williams.

The clerk is **designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants (1) Lt. Donald Williams in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the complaint (docket 2), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The clerk is **directed to terminate** Dr. Talbot as a defendant in this action.

**IT IS SO ORDERED.**

Date: 8/23/17

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JOHN NAYLOR
128761
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

By Electronic Service to IDOC:

Lt. Donald Williams – Pendleton Correctional Facility