UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| JOHN NAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:17-cv-02379-WTL-DML |
| | ) |
| DONALD WILLIAMS Lt., | ) |
| | ) |
| Defendant. | ) |

**Entry Discussing Defendant's Motion for Summary Judgment**

In this civil action, plaintiff John Naylor ("Mr. Naylor"), an Indiana prisoner incarcerated at the Pendleton Correctional Facility ("Pendleton"), alleges that he was subjected to harassment by defendant Williams. He further alleges that the defendant encouraged others to harass him, leading to him being assaulted.

Presently pending before the Court is the Motion for Summary Judgment filed by the defendant on December 7, 2017. Dkt. No. 19. The defendant's motion argues that the claims alleged against him are barred under the exhaustion provision of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, that requires a prisoner to first exhaust his available administrative remedies before filing a lawsuit in court.

Mr. Naylor filed a motion to dismiss the defendant's motion for summary judgment on December 13, 2017. Dkt. No. 22. That filing was docketed as a motion to dismiss but is construed by the Court as a motion for summary judgment on the issue of exhaustion. Because the filing was actually a response to the pending motion for summary judgment, the **clerk is directed** to

terminate the motion to dismiss at Dkt. No. 22. Mr. Naylor argues in his response that he exhausted his administrative remedies by filing a timely appeal.

## I. Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the PLRA, which requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; s*ee Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted). Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Id.* at 90 (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of the facility's grievance system

requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Because exhaustion is an affirmative defense, "the burden of proof is on the prison officials." *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006). So here, the defendants bear the burden of demonstrating that Mr. Naylor failed to exhaust all available administrative remedies before he filed this suit. *Id.* at 681.

## II. Material Facts

At all times relevant to his claims, Mr. Naylor was incarcerated at Pendleton. Pendleton maintained a grievance policy regarding complaints about prison conditions. The grievance process requires an inmate to attempt to resolve the grievance informally through officials at the facility by contacting staff to discuss the matter or incident subject to the grievance and seeking informal resolution. If the inmate is unable to obtain a resolution of the grievance informally, he may submit a formal written complaint (Level I grievance) to the Grievance Specialist of the facility where the incident occurred. If the formal written complaint is not resolved in a manner that satisfies the inmate, he may submit an appeal (Level II) within ten (10) working days from the date of receipt of the Level I grievance response. If the inmate receives no grievance response within 25 working days of the day he submitted the grievance, he may appeal as though the grievance had been denied. In that event, the time to appeal begins on the 26th working day after the grievance was submitted and ends 10 working days later.

Mr. Naylor's claim is that Mr. Williams harassed him and caused others to harass and assault him. There is a material dispute of fact as to whether Mr. Naylor filed a grievance about

the alleged harassment. The defendant asserts in his motion for summary judgment that Mr. Naylor only filed one grievance naming Mr. Williams and that grievance was about classification.

Mr. Naylor, on the other hand, submits an affidavit attesting to having filed grievances regarding the harassment and to having exhausted those grievances. He provides further detail in his unsworn response brief, asserting that he placed grievance appeals either in the chow hall grievance box or to staff in G-house as he was directed when he received no response to his initial grievances. He states that he did so because institution policy treats non-responses to grievances as denials.

### III. Discussion

The defendant argues that Mr. Naylor failed to file a grievance relating to Mr. Williams' alleged harassment. Mr. Naylor, however, has provided testimony which supports his claim that he did all he could to file and exhaust grievances on this issue.

Although the defendant states specifically that Mr. Naylor did not file a grievance naming Mr. Williams, the grievance policy does not require an inmate to name corrections officers in grievances in order to exhaust administrative remedies. The level of detail necessary in a grievance will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Where the administrative policy is silent, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Strong v. David,* 297 F.3d 646, 650 (7th Cir. 2002); *see also Wilder v. Sutton*, 310 Fed. Appx. 10, 15, 2009 WL 330531, *4 (7th Cir. 2009) ("prisoners must only put responsible persons on notice about the conditions about which they are complaining"). An offender "need not lay out the facts, articulate legal theories, or demand

particular relief" so long as the grievance objects "intelligibly to some asserted shortcoming." *Strong,* 297 F.3d at 650.

The grievance policy attached as an exhibit to the defendant's brief in support of his motion for summary judgment lists requirements for grievances and does not include any requirement that the inmate provide the name of corrections officers who may be the source of the grievance. Dkt. No. 20-2, pp. 17-18.

Mr. Naylor was not required to name Mr. Williams in his grievance. Mr. Williams' assertion that Mr. Naylor did not file any grievances naming Mr. Williams does not directly rebut Mr. Naylor's assertion that he filed grievances to exhaustion on the issue of his alleged harassment. Construing the facts in the light most favorable to Mr. Naylor as the non-movant, Mr. Williams has not demonstrated that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. Accordingly, the motion for summary judgment, Dkt. No. 19, is **denied**.

### Rule 56(f) Notice and Further Proceedings

Pursuant to Rule 56(f), the Court gives the defendant notice of its intent to grant summary judgment in the plaintiff's favor on this issue. The defendant shall have **through February 9, 2018,** in which to show cause why the Court should not grant summary judgment in the plaintiff's favor on this issue. Alternatively, the defendant may withdraw his affirmative defense by this date.

**IT IS SO ORDERED.**

Date: 1/16/18

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JOHN NAYLOR
128761
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Nicholas J. Hall
INDIANA ATTORNEY GENERAL
Nicholas.Hall@atg.in.gov

Jonathan Paul Nagy
INDIANA ATTORNEY GENERAL
jonathan.nagy@atg.in.gov